UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROY RASHAD WELLS EL,<br><br>                     Plaintiff,<br><br>       v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>                     Defendant. | Case No. C23-241-RSM<br><br>ORDER TO SHOW CAUSE |

*Pro Se* Plaintiff, Roy Rashad Wells El, has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #5. The Complaint was filed on March 8, 2023. Dkt. #6. Summonses have not yet been issued.

Plaintiff brings this action against Navy Federal Credit Union ("Navy Federal") for "deny[ing] payment of accord and satisfaction and say[ing] the Plaintiff still owes a debt" in violation of subsection (f) of the Fair Debt Collection Practices Act, 15 U.S.C. 1692. *Id.* ¶ 9. Plaintiff requests the "T account Ledger with the defendant to be balanced to zero of all claims [,]…to receive the title to the 2021 Dodge Challenger VIN #2C3CDZFJ3MH620482 immediately since all debts have been settled pursuant to the rules of accord and satisfaction, and any credits funds proceeds securities due unto the principal debtor within the mutual account." *Id* ¶ 11. Plaintiff also seeks $50,000 in damages, all court costs and fees, and for "Defendant to

ORDER - 1

report closed in good standing to credit reporting agencies." *Id.* Plaintiff previously filed this exact Complaint, but it was dismissed without prejudice for Plaintiff's failure to pay a filing fee or timely move for IFP status. *See Wells v. Navy Federal Credit Union,* No. 2:22-cv-01405-JLR, Dkt. #6.

Plaintiff seems to recite the facts underlying the case in paragraphs 5 and 6 of the Complaint. From what the Court understands (Plaintiffs' recitation of the facts is confusing and poorly structured), Plaintiff sent a postal money order, a $2 dollar bill, and a letter via Express Mail to Defendant. *Id.* ¶ 5. The postal money order included the statement "Final Payment." *Id.* ¶ 6. A copy of these documents seems to be attached (Plaintiff fails to include citations or explanations of the attached exhibits). *See id.* at 5–14. Plaintiff alleges that "[t]he postal money order was dishonored, refused, and returned on 8/18/2022…" *Id.* ¶ 6. Included with the Complaint are what appear to be two letters from Navy Federal Credit Union, dated August 19, 2022, stating:

> We are returning your check/money order(s) dated 8/17/2022 in the Amount of $21.00 for the reasons stated below:
>
> Wrong payee
> Non-negotiable
> Payable to the United States Treasury

*Id.* at 15.

> We are returning your $2.00 for the reasons indicated below:
>
> Unable to process
> Cash not negotiable via mail deposit

*Id.* at 16. A review of what appears to the postal money order, reveals that it does in fact say "pay to the order of: United States Treasury" and not Navy Federal Credit Union as Defendant's purported letter suggests. *Compare id.* at 5, *with id.* at 15. Plaintiffs' Complaint does not explain

ORDER - 2

why Defendant was obligated to accept this postal money order or the $2 bill or why Navy Federal Credit Union's response was incorrect. *See generally id.* Plaintiff then attaches more documents without explanation (*id.* at 17–23) and another two letters seemingly from Navy Federal dated September 1, 2022, in which Navy Federal describes Plaintiffs' outstanding debt and informs Plaintiff of its refusal to accept whatever documents Plaintiff sent and its refusal to release Plaintiff from his obligation to Navy Federal (*id.* at 23–24). Finally, Plaintiff attaches more documents without explanation (*id.* at 25–37). From what is before the Court it seems Plaintiff sent a deficient postal money order and a $2 bill to pay off his outstanding debt with Navy Federal, Navy Federal denied these forms of payment, and instead of correcting his form of payment he sent multiple letters demanding release from his financial obligations and restoration of his title to the 2021 Dodge Challenger.

The Court will dismiss a Complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's Complaint provides no factual basis to support his claim. Plaintiff thus provides insufficient notice to Defendant as to how it could possibly have violated the Fair Debt Collection Practices Act. Accordingly, dismissal may be warranted. *See* 28 U.S.C. § 1915(e)(2)(B).

Therefore, Plaintiff's Complaint may suffer from deficiencies that, if not adequately explained in response to this Order, will require dismissal. In Response to this Order, Plaintiff must write a short and plain statement telling the Court: (1) the actions of Defendant giving rise to Plaintiff's claims; (2) how those actions violate 5 U.S.C. § 1692, the Fair Debt Collection

ORDER - 3

|   |   |
|---|---|
| 1 | Practices Act.  **This Response may not exceed five (5) pages, <u>including attachments</u>.**  The |
| 2 | Court will not consider pages filed in excess of this limit. |
| 3 | The Court hereby finds and ORDERS that Plaintiff shall file a Response to this Order to |
| 4 | Show Cause containing the detail above **no later than twenty-one (21) days from the date of** |
| 5 | **this Order**.  Failure to file this Response may result in dismissal of this case.  The Clerk shall |
| 6 | send a copy of this Order to Plaintiff's address, 14110 NE 179TH STREET UNIT 27 |
| 7 | WOODINVILLE, WA 98072. |
| 8 |  |

DATED this 21st day of March, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 4